IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
MEMPHIS DIVISION

| | |
|---|---|
| TOREY FITZGERALD, individually, and on behalf of all others similarly situated,<br><br>　　　　　Plaintiff,<br>　　v.<br><br>P.L. MARKETING, INC.,<br><br>　　　　　Defendant. | **Civil Action No.**<br><br><br><br><br>**JURY DEMAND** |

## **COMPLAINT**

COMES NOW the Plaintiff Torey Fitzgerald ("Fitzgerald" or "Plaintiff"), by and through undersigned counsel, and files this Complaint as follows:

## **NATURE OF THE ACTION**

1.　　Plaintiff brings this lawsuit on his own behalf for the period of his employment as a salary-paid Set Team employee, and on behalf of all those similarly situated who worked for Defendant P.L. Marketing, Inc. ("PLM" or "Defendant") as a salary-paid Set Team employee (including positions referenced by job titles such as "Set Team Member," "Set Team Lead," "Reset Team Member," or "Reset Team Lead"), or any other salary-paid position performing substantially similar job duties for Defendant implementing plan-o-grams at Kroger Stores under any different job title (including positions referenced by job titles such as "Kompass Representative," "Retail Merchandising Representative," or "Retail Assistant Merchandising Representative"), within the period beginning three years prior to the filing date of this Complaint through the date of judgment (the "Collective Period") who worked any hours over forty in one or more work weeks without receiving the overtime compensation required by the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq. (collectively the "Similarly Situated Employees"), seeking entry of judgment

1

and to recover overtime pay, liquidated damages, prejudgment interest, costs, and attorney's fees under the FLSA. Plaintiff files herewith his attached signed Consent to join this collective action under 29 U.S.C. § 216(b).

2. Each of the following allegations pertains and applies to Plaintiff and all Similarly Situated Employees.

3. Defendant willfully violated the FLSA by failing to pay Plaintiff and the Similarly Situated Employees for all overtime hours worked at a rate of time and one-half the required regular rate—inclusive of all compensation not excludable from the regular rate calculation under applicable law—for all hours worked above 40 in a workweek, and failing to pay Plaintiff and the Similarly Situated Employees all overtime compensation owed on a timely basis. Plaintiff and the Similarly Situated Employees are entitled to unpaid wages from Defendant for all hours worked above 40 in a workweek, and are also entitled to liquidated damages pursuant to the FLSA for Plaintiff and all Similarly Situated Employees who join this collective action.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

5. Plaintiff's claims involve matters of interstate interest.

6. In addition to its main office headquarters in Kentucky, Defendant maintains representative offices within 11 Kroger division offices throughout the Midwest and the South, including a representative office within the Kroger division office in Memphis, Tennessee, within this judicial district, located at 800 Ridge Lake Blvd., Memphis, TN 38120.

7. Defendant employed Plaintiff within this judicial district.

8. Defendant employed other salary-paid employees whose job involved completing plan-o-gram work at Kroger stores within this judicial district within the Collective Period.

9. Plaintiff received payment of wages from Defendant for his salary-paid position in this judicial district.

10. Other salary-paid employees whose job involved implementing plan-o-grams at Kroger stores received payment of wages from Defendant within this judicial district within the Collective Period.

11. Defendant is subject to personal jurisdiction in this judicial district.

12. Venue in this Court is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the Plaintiff's claims occurred in this judicial district.

13. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## **PARTIES**

14. Defendant is a corporation formed in Ohio, with its principal address being Tom Schuh, Fl 8, 300 Dave Cowans Dr, Newport, KY 41071-4570, and its Tennessee registered agent address being Dianne Poulos, 9990 Bowmore Dr, Cordova, TN 38016-0325..

15. Defendant operates an enterprise engaged in commerce, and employs or employed Plaintiff and other Similarly Situated Individuals within the meaning of those terms under the FLSA, in the State of Tennessee.

16. Throughout the Collective Period to date, Defendant filed to transact business and maintained active foreign corporation status with the Tennessee Secretary of State's Office, and is and was engaged in business in the State of Tennessee.

17. Defendant had annual gross revenues in excess of $500,000.00 during the Collective Period.

18. Plaintiff is an adult individual and a resident of Tennessee who worked for Defendant, and received wage payments from Defendant, as a salary-paid employee within this judicial district from approximately February, 2015 until Defendant changed the full-time salary-paid set/reset plan-o-gram merchandising positions (including Plaintiff's) to hourly-paid overtime-eligible in approximately November/December, 2016.

## **FACTS**

19. Defendant's business includes assisting in the sales and marketing of Corporate Brand consumer products for Kroger, one of the nation's largest grocery retailers, including providing retail merchandising services for all Kroger Banner stores.

20. Among other duties, Plaintiff and the Similarly Situated Employees travel to and from Kroger stores to complete plan-o-gram work and/or implement plan-o-grams.

21. Defendant represents to the public on its website, http://plmarketing.net/contact, the following information about the company:

> P.L. Marketing has widespread market coverage in the Mid-West and the East Coast and offers jobs across 17 states in the U.S.
>
> | | |
> |---|---|
> | Alabama | Missouri |
> | Arkansas | North Carolina |
> | Georgia | Ohio |
> | Illinois | South Carolina |
> | Indiana | Tennessee |
> | Kentucky | Texas |
> | Louisiana | Virginia |
> | Michigan | West Virginia |
> | Mississippi | |

22. At all times during the Collective Period, Defendant has been and continues to be, an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

23. At all times during the Collective Period, Defendant employed Plaintiff, and Plaintiff met the definition of an "employee," within the meaning of the FLSA.

24. At all times during the Collective Period, Defendant has had annual gross revenues exceeding $500,000.

25. Defendant internally classified, treated, and paid Plaintiff's salary-paid position as exempt from the overtime pay requirements of the FLSA throughout the Collective Period during all times that the position was salary-paid.

26. Defendant internally classified, treated, and paid its other salary-paid positions involving completion of plan-o-gram work and/or implementing plan-o-grams as exempt from the overtime pay requirements of the FLSA throughout the Collective Period during all times that the positions were salary-paid.

27. At various times during his employment as a salary-paid employee during the Collective Period, Plaintiff worked over forty (40) hours in a work week for Defendant.

28. Plaintiff did not receive any overtime pay when he worked over forty (40) hours in a work week for Defendant in his salary-paid position during the Collective Period.

29. During the Collective Period, Defendant suffered or permitted Plaintiff and the Similarly Situated Employees to work in excess of 40 hours per workweek without receiving the legally required amount of overtime wages from Defendant for all overtime hours worked by them as required by the FLSA (for Plaintiff and the Similarly Situated Employees).

30. Defendant uniformly misclassified Plaintiff and the Similarly Situated Employees as exempt from the maximum hour and overtime payment requirements under applicable federal and state laws.

31. Defendant knew that Plaintiff and the Similarly Situated Employees did not satisfy the requirements for application of any bona fide exemption from the maximum hour and overtime payment requirements under applicable federal and state laws. Defendant's misclassification was willful.

32. Defendant should have known that Plaintiff and the Similarly Situated Employees did not satisfy the requirements for application of any bona fide exemption from the maximum hour and overtime payment requirements under applicable federal and state laws.

33. Defendant's misclassification of Plaintiff and the Similarly Situated Employees' salary-paid positions during the Collective Action as overtime-exempt was willful.

34. During the Collective Period, Defendant paid Plaintiff and the Similarly Situated Employees company-wide under the same centralized and uniformly applied compensation structure, in accordance with the centralized compensation and benefit terms established by Defendant's corporate office during the relevant period.

35. During the Collective Period, in addition to their regular weekly pay (referred to by Defendant as a "salary"), Plaintiff and the Similarly Situated Employees were eligible to receive, and did in fact receive, a car allowance.

36. During the Collective Period, in addition to their regular weekly pay (referred to by Defendant as a "salary"), Plaintiff and the Similarly Situated Employees were eligible to receive, and did in fact receive, a per diem for certain days.

37. During the Collective Period, in addition to their regular weekly pay (referred to by Defendant as a "salary"), Plaintiff and the Similarly Situated Employees were eligible to receive, and did in fact receive, mileage reimbursement for travel to/from the Kroger store only for those miles driven in excess of 15 each way.

**COUNT ONE:**
**FAIR LABOR STANDARDS ACT**
**29 U.S.C. § 201 et seq.**
**(ON BEHALF OF PLAINTIFF AND THE SIMILARLY SITUATED EMPLOYEES)**

38. All previous paragraphs are incorporated as though fully set forth herein.

39. As alleged above, Plaintiff brings this action both individually, and as a collective action under 29 U.S.C. § 216(b) on behalf of the Similarly Situated Employees.

40. Plaintiff performed the same or similar job duties as the other Similarly Situated Employees during the Collective Period.

41. At all relevant times, Defendant had a uniform policy of classifying the salary-paid positions worked by Plaintiff and the Similarly Situated Employees as exempt from the FLSA's overtime pay requirements.

42. At all relevant times, Defendant failed to pay Plaintiff and the Similarly Situated Employees the legally required amount of overtime compensation for all hours worked in their salary-paid positions in excess of forty hours per workweek under the FLSA on a timely basis in violation of the FLSA.

43. On a regular and repeated basis during the Collective Period, Defendant suffered or permitted Plaintiff and the Similarly Situated Employees to work more than 40 hours in a work week without receiving overtime compensation at time-and-a-half their properly calculated regular rate for hours worked over 40 under the FLSA -- i.e., their regular rate inclusive of their base rate

for non-overtime hours and all other compensation not otherwise excludable under 29 U.S.C. § 207(e) ("regular rate").

44. As a result of Defendant's willful failure to compensate Plaintiff and the Similarly Situated Employees at a rate not less than one and one-half times the required regular rate of pay for work performed in excess of forty hours in a workweek, Defendant has violated and continues to violate the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

45. Plaintiff and the Similarly Situated Employees were required to travel to/from the Kroger store job sites for overnight stays throughout their salary-paid positions during the Collective Period, usually involving travel directly to the Kroger store on a Monday for overnight stays Monday through Thursday nights, and return travel from the overnight stay from the Kroger store on a Friday.

46. Defendant failed to make, keep and preserve records with respect to the start and end times of Plaintiff's and the Similarly Situated Employees' travel to/from the Kroger store job sites in their salary-paid positions during the Collective Period, including but not limited to their travel to/from overnight stay locations.

47. Upon information and belief, Defendant has failed to make, keep and preserve records with respect to Plaintiff and the Similarly Situated Employees in their salary-paid positions sufficient to determine their wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

48. Defendant's conduct as alleged herein constitutes a willful violation of the FLSA within the meaning 29 U.S.C. § 255(a).

49. Due to Defendant's FLSA violations, Plaintiffs and the Similarly Situated Employees are entitled to recover from Defendant their unpaid wages for the legally required

amount of overtime compensation for all of the hours worked by them in their salary-paid positions in excess of forty in a workweek, including actual and liquidated damages, prejudgment interest, the Defendant's share of FICA, FUTA, state unemployment insurance, and any other required employment taxes, reasonable attorneys' fees and costs and disbursements of this action.

## PRAYER FOR RELIEF

Wherefore, Plaintiff seeks entry of a judgment against Defendant including the following relief on behalf of Plaintiff and the Similarly Situated Employees:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

b. An award of unpaid wages for all hours worked in their salary-paid positions in excess of forty in a workweek at a rate of time and one-half of the required regular rate of pay due Plaintiff and the Similarly Situated Employees under the FLSA;

c. An award of liquidated damages to Plaintiff and the Similarly Situated Employees as a result of Defendant's failure to pay for all hours worked in their salary-paid positions in excess of forty in a workweek at a rate of time and one-half of the required regular rate of pay pursuant to the FLSA;

d. An award of prejudgment and post-judgment interest;

e. An award of costs and expenses of this action together with expert witness fees;

f. An award of reasonable attorneys' fees and costs pursuant to the FLSA; and

g. Such other and further relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury for all issues of fact.

Respectfully submitted this 12th day of April, 2017,

Respectfully submitted,

**GILBERT RUSSELL McWHERTER SCOTT BOBBITT PLC**

*/s/ Michael L. Russell*
MICHAEL L. RUSSELL #20268
EMILY S. EMMONS #33281
341 Cool Springs Boulevard, Suite 230
Franklin, TN 37067
Telephone: (615) 354-1144
Email: mrussell@gilbertfirm.com
            eemmons@gilbertfirm.com


*/s/ C. Andrew Head*
C. Andrew Head
Georgia Bar No. 341472 (application for *pro hac vice* to be filed)
Donna L. Johnson
Georgia Bar No. 086989
HEAD LAW FIRM, LLC
White Provision, Suite 305
1170 Howell Mill Road, N.W.
Atlanta, Georgia 30318
Telephone: (404) 924-4151
Facsimile: (404) 796-7338
Email: ahead@headlawfirm.com;
djohnson@headlawfirm.com

*Attorneys for Plaintiff*